DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1882.

---

BOARD OF CHOSEN FREEHOLDERS OF MORRIS COUNTY v.
PIERSON A. FREEMAN.

1. Where an offender is convicted on indictment and sentenced to the
state prison, the costs of conviction are payable by the state, and can-
not be collected from the county.
2. The sheriffs are not entitled to demand from their respective counties,
jail fees for receiving and discharging prisoners who have not been
either convicted or acquitted on indictment.

---

On error to the Supreme Court.

For the plaintiff in error, *A. C. Smith* and *H. C. Pitney.*

For the defendant in error, *George T. Werts.*

The opinion of the court was delivered by

DIXON, J.    In this suit, two items are in controversy, one
of $64.50, money obtained by the defendant from the plain-

631

tiff for fees paid by him as sheriff of Morris county to witnesses, upon trial of an indictment against a person who was thereon convicted and sentenced to state prison, and the other of $386.09, claimed by the defendant as sheriff from the plaintiff for jail fees, on the admission and discharge of prisoners in the county jail.

As to the first, by force of section 98 of the Criminal Procedure act (*Rev.*, *p.* 286,) all the costs of conviction were payable out of the state treasury. The county, therefore, cannot be held responsible for them. The record does not show under what circumstances the defendant came to have the money of the county, which he claims to retain for these fees, and hence the only question is, in the language of the defendant's brief, " whether the plaintiff in error is entitled to an allowance for the item of $64.50 disbursed by him." This question was correctly answered in the court below.

As to the second item, the sole inquiry is, whether the sheriff can legally demand of the county fees for receiving into his jail and discharging persons charged with offences, but who have not been convicted or acquitted on indictment.

It is clear that at common law no such demand could be maintained. By 14 *Eliz.*, *c.* 5, the expense of supporting prisoners in the common jail was made a charge upon the respective shires; and by 3 *Jac. I.*, *c.* 10, the expense of conveying offenders to the jail was to be defrayed (in case of the poverty of the offenders) by the parish wherein they were apprehended; but whatever jailer's fees were demandable, could be collected only from the prisoners themselves who might be detained even after acquittal, until payment was made. *Burn's Justice*, "*Gaol and Gaoler*," VIII.

It is also conceded by the defendant that there is no explicit statutory authority for his present claim. This concession militates strongly against the legality of his demand, for it is a general principle that no public officer can be entitled to compensation for his public services save by express enactment. *Demarest* v. *Inhabitants, &c.*, 11 *Vroom* 604. And it is only by regarding the defendant's services as public

services, that any show of right to payment therefor out of the public treasury can be made. If, then, there be no explicit provision for payment with public funds, it would seem as if the defendant's claim must fail. But it is said that his right is clearly implied in such enactments as exist, coupled with the common law rule applicable to the subject. This rule is laid down in *Bac. Ab.*, *"Fees,"* *A*, as follows: " At common law, no officer, whose office related to the administration of justice, could take any reward for doing his duty, but what he was to receive from the king." By our act to regulate fees, (*Rev.*, *p.* 405,) it is enacted that the sheriff shall be entitled to receive for " every person committed to prison, twenty-five cents," and for " discharging every person from prison, twelve cents;" and it is contended that under the rule, these fees must be paid by the public save where they are clearly by statute chargeable to private persons, and that the public is, in this regard, represented by the county. On this basis, the present charges are made, they being for services rendered in criminal or *quasi* criminal proceedings, where the public is the party concerned. But an examination of the sheriff's fee bill in the statute regulating fees, leads us to the conclusion that it has reference only to civil proceedings. Every service therein particularly described is one to be rendered in civil causes only, and all general terms used are also applicable to civil suits. According to the maxim " *noscitur a sociis*," these general terms must be confined to the class to which their more specific associates belong. Moreover, an intention to create public burdens must be clearly expressed; it is not permissible to deduce any authority for such charges out of ambiguous legislation. And if, as we have seen, in the absence of statute, these fees could be exacted from the prisoner alone, something stronger than an inference from dubious premises is required to establish the right to collect them from the public. Hence we think this statute poes not sanction the defendant's claim.

But the ground on which, in the brief of counsel, the sheriff's right is specially placed, is, that it has been the long-

continued usuage of the boards of chosen freeholders in the respective counties to allow these fees. Admitting for the nonce, that such a practice would constitute sufficient legal basis for a recovery against a board which declined to follow it, the existence of the custom is a matter of fact, of which this court cannot take judicial notice, unless it appear upon the face of the record. No such fact seems to have been found in the court below, and it consequently cannot form the basis of any judgment here.

There is no error in the record, and the judgment below should be affirmed.

*For affirmance*—DEPUE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, COLE, GREEN, KIRK, WHITAKER.    10.

*For reversal*—None.